Dickman, J.
We think the notice in writing delivered to Weymouth by Iliff, was sufficient under the statute, to discharge the latter from liability as surety on the promissory note in suit. Under the provisions of the statute for the relief of sureties and bail (S. & S., 741), a person bound as surety on a note, might — if a right of action had accrued thereon — require his creditor by a notice in writing, forthwith to commence an action against the principal debtor on such note. And if the creditor failed to do so within a reasonable time thereafter, he forfeited the right which he would otherwise have had, to demand and receive from such surety the amount due on the note* To’ make the written notice sufficient, it was necessary that Iliff, the surety, should comply substantially with the requirements of the statute. This we think he did. The notice given by him was peremptory, unconditional and easily understood. It “required” the payee and owner of the note to proceed and collect, and left it not to his option. He was to act without delay — “at once ” or forthwith. He was required to “proceed,” or, as the word has been defined, “ to commence and carry on a legal process.” When required to “ collect,” the adoption of the commonly known and most effective means of enforcing collection — the commencement of suit — was necessarily implied. The determined language of the surety, “I will stand no longer,” taken in connection with the rest of the notice, was suggestive to the creditor, that the surety would expect him to resort at once to the best mode of discharging him from liability as surety on the note, to wit: the commencement of an action forthwith, which would enforce payment of *104 the note by the principal debtor. The judgments of both courts must be reversed.

Judgment accordingly.